UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**NORTHERN DIVISION at ASHLAND**

| | | |
|---|---|---|
| SEAN LAMONT DUDLEY, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 0: 19-113-JMH |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| J.C. STREEVAL, Warden, | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

\*\*\*\*    \*\*\*\*    \*\*\*\*    \*\*\*\*

Sean Lamont Dudley is an inmate at the Federal Correctional Institution—Ashland in Ashland, Kentucky. Proceeding without an attorney, Dudley recently filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1.] That submission is now before the Court on initial review pursuant to 28 U.S.C. § 2243. *See Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

Dudley's petition alleges he was wrongfully removed from an orthopedic chronic care clinic, which resulted in a loss of his back brace, his lower bunk pass, and ultimately, substandard medical treatment. [R. 1.] Dudley states that he exhausted his administrative remedies but never received the relief he seeks. [*Id.;* R. 1-1.] He claims a due process interest in the back brace and lower bunk pass that he lost, and he argues that certain Bureau of Prisons ("BOP") policy statements were violated. Further, Dudley asks the Court to consider "whether 'but for' the

violations, Petitioner's injury to his left ulnar distal would not have occurred." [R. 1 at 7.] At the end of his petition, Dudley asks the Court to find the Warden liable, to vacate the administrative remedy responses he has received, and to find violations of the due process clause and Eighth Amendment. [*Id.* at 8.]

The Court will not address the merits of Dudley's claims, however, because they are not proper in this 28 U.S.C. § 2241 petition. "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a [civil rights] action." *Muhammed v. Close*, 540 U.S. 749, 750 (2004). 28 U.S.C. § 2241 is typically a vehicle for challenges to the way a prisoner's sentence is being calculated, such as computing sentence credits or determining parole eligibility, not to the specific conditions of an inmate's confinement at a particular facility. *See id.; see also Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) (describing different types of § 2241 challenges).

Upon review, Dudley's claims are best characterized as concerns regarding the conditions of his confinement. After all, Dudley alleges a due process violation as well as a violation of his Eighth Amendment right to medical care, both which are typical civil rights claims. He should thus proceed with these

constitutional claims via a civil rights complaint pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), not in the present habeas petition.[1]

In this circumstance, the Sixth Circuit Court of Appeals has made clear that a "district court should dismiss the § 2241 claim without prejudice so the . . . petitioner could re-file as a [civil rights] claim. *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013) (citing *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004)). To assist Dudley in this endeavor, the Court will provide him with the appropriate forms. However, Dudley should understand that if he does file a civil rights complaint with this Court, he must also either pay the $400.00 in filing and administrative fees or ask to pay the filing fee in installments by carefully following the instructions below.

Accordingly, it is hereby **ORDERED** as follows:

1. Dudley's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED** without prejudice, to Dudley's right to reassert his conditions of confinement claims in a civil rights complaint.

2. The Clerk of the Court **SHALL SEND** Dudley a civil rights complaint form [EDKY Form 520], an Affidavit of Assets/In Forma

---

[1] Further, to the extent Dudley wishes to bring a negligence or other tort claim, 28 U.S.C. § 2241 still provides him no relief. He should instead proceed with any tort claims by way of the Federal Tort Claims Act ("FTCA").

Pauperis Application [AO-240 Form], and a Certificate of Inmate Account Form [EDKY Form 523].

3. Dudley may file a civil rights complaint regarding his conditions of confinement claims. However, he must use the Court-approved and provided civil rights complaint form [EDKY Form 520]. *See* Local Rule 5.2(a). Moreover, if Dudley does file a civil rights complaint, he must also either pay the $400.00 in administrative and filing fees in full at the time he files his complaint, or ask to pay the filing fee in installments over time by completing the following steps:

    a. completing the Affidavit of Assets/In Forma Pauperis Application [AO-240 Form],

    b. having the Certificate of Inmate Account Form [EDKY Form 523] certified by prison staff, and

    c. filing both documents with the Court.

4. This matter is **CLOSED** and **STRICKEN** from the Court's active docket.

This the 2nd day of December, 2019.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge